UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSALINE CARTER,

    Plaintiff,

v.                                               Case No. 1:16-cv-431
                                               Hon. Paul L. Maloney

SYLVIA MATHEWS BURWELL,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action seeking judicial review of administrative decisions denying her Medicare claim for dental services. *See* Compl. (ECF No. 1). This matter is now before the Court on defendant's motion for summary judgment (ECF No. 16).

    **I.**    **Background and Administrative Action**

The Medicare Appeals Council (MAC) summarized plaintiff's medical history, claim and appeal in pertinent part as follows:

> The beneficiary's medical history was significant for a 2009 diagnosis of an oral sarcoidosis lesion. *See* Exh . 4 at 15. Oral sarcoidosis is an autoimmune disease. Following consultations with an oral surgeon, oral pathologist and periodontist at a public university . . . the beneficiary was referred to the ultimate provider of the services in issue -- J.C.D. , D.D.S. *Id.* Dr. J.C.D. recounted that the beneficiary –
>
>> . . . was being seen at out office every 6 months for perioprophy and at . . . [the University] for the lesion. No treatment for the sarcoidosis lesion was being recommended at . . . [the University] so I referred her to a periodontist.

> Upon examination [tooth] #9 . . . had external root resorption and required extraction. A flipper was mad[e] to replace this tooth.
>
> Later . . . a free gingival graft #10-12 was performed. This tissue responded favorably but the lesion was still present.
>
> During a follow- up visit . . . #8 had root resorption and was hopeless. Due to the lesion in the area a tissue borne prosthesis (RPO) was not recommended. Also due to the lesion imp[l]ants were not recommended since the abutments would be directly in the affected area. Therefore a fixed bridge was the best long term solution.
>
> #8 was extracted and teeth #6, 7, 10, 11, 12 were prepared for the bridge . . . The tissue has responded favorably in the edentulous area (#8 and 9) while some redness remains on the maxillary left side.

PageID.146-147.[1]

After performing the procedure:

> Dr. J.C.D. apparently did not accept assignment, so the beneficiary filed a Medicare claim with multiple service lines; five utilizing HCPCS code 06752 (crown-porcelain fused to noble metal) and two utilizing HCPCS code 06242 (pontic-porcelain fused to noble metal). *See* Exh. 4 at 32. Identifying each claim line as having been billed under HCPCS code 06752, the Medicare contractor denied coverage, initially and upon redetermination, noting that the 06752 service was specifically identified, in the Medicare Physicians Fee Schedule Data Base (MPFSDB), as not covered. The contractor held the beneficiary liable for the associated non-covered costs.

PageID.147-148.

Plaintiff sought reconsideration of the denial of coverage:

> Upon reconsideration, the Qualified Independent Contractor (QIC) also denied coverage. The QIC distinguished between the two HCPCS code billed but, like the contractor, explained that these procedures were services "identified, by the Centers for Medicare and Medicaid Services (CMS), as . . . non-covered or excluded from coverage under the Medicare program . . . based on the code status "N" as shown on the . . . (MPFSDB) . . . ." The QIC also found the beneficiary liable for the resulting noncovered costs.

---

[1] References to the administrative record (ECF 15-1 through 15-15) will be made by reference to the Court's assigned "PageID" number.

PageID.148.

> Plaintiff then sought an administrative hearing:
>
> On June 24, 2014, the ALJ conducted a hearing at which the beneficiary, family members and the provider, Dr. J.C.D., testified. Dec. at 2 ; see also ALJ Hearing CD . The beneficiary retained counsel for purposes of an appeal to the Council.
>
> In the ensuing decision, the ALJ, recounting the coverage parameters for dental services, noted --
>
>> Medicare guidelines do not permit payment for any items and services in connection with the care, treatment, filling, removal, or replacement of teeth, or structures directly supporting the teeth. The only exception to this rule is if the dental care was performed as part of a service that is covered by Medicare. For example, Medicare will pay for the extraction of teeth if the extraction is performed to prepare the jaw for cancer radiation treatments. (Medicare Benefit Policy Manual [MBPM], Pub. 100-2, Chapter 15, Section 150). . .
>
> Turning to the claim itself the ALJ denied coverage explaining --
>
>> Beneficiary . . . submitted a claim for general dentistry services, the crown and bridge services . . . The beneficiary may have indeed had other significant health issues. However, review of the record demonstrates that there was insufficient evidence in the record to demonstrate that the specific crown and bridge work performed . . . on October 17 , 2012 was performed under any Medicare exception that would allow for reimbursement in this instance.
>>
>> The documentation demonstrated that the surgery services were related to general dental care and did not apply under any Medicare exceptions. As previously stated, under the Medicare Benefit Policy Manual, general dental care services are not payable by Medicare regardless of the complexity of the services or whether the services were provided in a hospital setting.

PageID.148-149. The MAC affirmed the ALJ's decision (PageID.153), and plaintiff appealed the decision in this Court.

## II. Standard of Review

This Court reviews a final decision of the Secretary of the Department of Health and Human Services pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1395ff(b)(1)(A).

> 42 U.S.C. § 1395ff(b)(1)(A) provides the jurisdictional basis for judicial review of a final decision of the Secretary on a Medicare Part B claim. It states that "any individual dissatisfied ... [with a determination] shall be entitled to ... judicial review of the Secretary's final decision after [a] hearing as is provided in section 405(g) of this title." Section 405(g) states in relevant part that "Any individual, after any final decision of the [Secretary] made after a hearing to which he was a party ... may obtain a review of such decision by a civil action...." Section 405(g) also prescribes the reviewing court's power:
>
>> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Secretary], with or without remanding the cause for a rehearing.
>
> 42 U.S.C. § 405(g).

*Southern Rehabilitation Group, P.L.L.C. v. Secretary of Health & Human Services*, 732 F.3d 670, 677-78 (6th Cir. 2013).

> The decision of the Medicare Appeals Council is considered the Secretary's final decision. *See Heckler v. Ringer*, 466 U.S. 602, 607, 104 S.Ct. 2013, 2017, 80 L.Ed.2d 622 (1984). The court's review is limited to determining whether, in light of the record as a whole, the Secretary's determination is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *McClanahan v. Comm'r of Social Sec.*, 474 F.3d 830, 833 (6th Cir.2006) (quoting *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir.1992)) ("Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") If supported by substantial evidence, the findings of the Secretary are conclusive. 42 U.S.C. § 405(g). In determining whether substantial evidence exists, the court "is limited to an examination of the record only" and does not "review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Besaw*, 966 F.2d at 1030 (quoting *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989)).

*Anderson v. Burwell*, 167 F. Supp. 3d 887, 896 (E.D. Mich. 2016). In summary, "Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion." *Besaw*, 966 F.2d at 1030, quoting *Brainard*, 889 F.2d at 681.

Defendant has brought his motion pursuant to Fed. R. Civ. P. 56(a), which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Because the facts in this appeal are established by the administrative record, the issue before the Court is whether defendant is entitled to judgment as a matter of law. *See* 42 U.S.C. § 405(g) and 42 U.S.C. § 1395ff(b)(1)(A).

### III. Discussion

Medicare's statutory scheme pays for many health care services provided to beneficiaries. However, the statute specifically excludes dental services, stating in pertinent part:

> **(a)** Notwithstanding any other provision of this subchapter, no payment may be made under part A or part B of this subchapter for any expenses incurred for items or services . . .
>
> **(12)** where such expenses are for services in connection with the care, treatment, filling, removal, or replacement of teeth or structures directly supporting teeth, except that payment may be made under part A of this subchapter in the case of inpatient hospital services in connection with the provision of such dental services if the individual, because of his underlying medical condition and clinical status or because of the severity of the dental procedure, requires hospitalization in connection with the provision of such services[.]

42 U.S.C. § 1395y(a)(12). Here, plaintiff alleged that the dental procedures were not for cosmetic purposes but for treatment of a disease, oral sarcoidosis.

As an initial matter, plaintiff contends that the ALJ's decision "contained a significant flaw in Finding of Fact #5, that 'no treatment for the sarcoidosis lesion was recommended at the University of Michigan.'" Plaintiff's Response (ECF No. 19-1, PageID.525) (emphasis omitted). With respect to a possible factual error, the MAC found "only harmless error, if that, in the ALJ's characterization of the University-based services, or lack thereof, provided to the beneficiary" and that "[t]he ALJ's statement added little more than historical background to the essential issue at hand, the availability of Medicare coverage for the dental services performed by Dr. J.C.D." PageID.151. Upon review of the administrative record, the Court agrees with the Council's characterization of the alleged factual error. Plaintiff's claim was denied due to the nature of the dental procedures performed by Dr. J.C.D., not on her previous treatment at the University of Michigan.

In denying plaintiff's request for reimbursement for dental costs incident to her oral sarcoidosis, the MAC relied on the statutory provision excluding dental procedures as a benefit under Medicare:

> The Council has reviewed the record and the beneficiary's contentions but finds no basis for disturbing the ALJ's decision. The ALJ did not err in finding that the services at issue are directly related to the care, treatment, filling, removal, or replacement of teeth or structures directly supporting teeth, and thus fall within the dental exclusion of the Act and regulations. Counsel for the beneficiary seeks to expand the limited exceptions to the exclusion provided for in the Act and associated authorities to all instances where dental services are furnished as part of a broader medical treatment and where such services are incident to and integral to treatment of a medical condition. *See generally* Exh . MAC- 1. Such an expansion would result in "the exceptions swallowing the rule," as many dental conditions are directly related to medical conditions and treatments thereof.
>
> In a case involving dental services furnished in connection with heart surgery, the Seventh Circuit rejected the argument that "there is an implied intent to extend coverage to all medically necessary services." Wood v. Thompson, 246 F.3d 1026, 1034 (7th Cir. 2001). The court held that "[a]ll medically necessary

6

procedures are not covered under the Act." *Id*. at 1032. Specifically, the court concluded:

> The bottom line is that the statute is clear, with clear exceptions, and an argument based only on the rationale supporting the exceptions, absent some constitutional argument, cannot prevail. As the Secretary repeatedly notes, not all medically necessary services are covered by Medicare, and the Medicare Act specifically excludes dental coverage, with a few narrowly defined exceptions. Whether the case before us looks like one of those exceptions or not . . . we are not armed with power to fashion a new exception . . . .

*Id*. at 1035.

PageID.151-152.

The MAC based its decision on the limited nature of the dental exclusion:

> The exceptions to the dental exclusion are very limited and are governed by their precise language. None of them purport to cover services in the nature of providing, among other things, fillings, bridges, and crowns. The exception found in the Act for the coverage of inpatient costs relating to dental procedures does not pay for any dental services themselves but only for the cost of the inpatient hospitalization. It is inapplicable in this case because there was no hospital inpatient admission or resultant costs. The first exception in the MBPM provides that if an otherwise non-covered procedure or service is performed by a dentist as incident to and as an integral part of a covered procedure or service *performed by the dentist*, the total service performed by the dentist on such occasion is covered. That is not the scenario presented by these facts. The other two exceptions, found in the MBPM and NCD, are designed to cover dental extractions and x-rays in <u>preparation</u> for, and necessary for receiving, specific medical services (i.e., radiation therapy or renal transplantation). The exceptions do not purport to cover treatment to correct dental conditions which arise <u>as a result of</u> medical treatment. Again these circumstances are not present in the context of this claim. Rather, counsel for the beneficiary attempts to imply coverage by analogy, equating oral sarcoidosis with cancer. *See* Exh. MAC-1 at 7 ("this is no different than removal of a cancer . . . ."). That position fails by the plain language of the Act, regulations and manual provision discussed above.

> The Council fully appreciates the complexity of the beneficiary's condition and its impact on her lifestyle. The Council does not question the qualifications of the dental surgeon, nor his professional judgment in treating the beneficiary. However, the law, as enacted by Congress is clear. Dental services are not covered even if they are necessary because of a beneficiary's medical condition. *See*, *e.g.*,

7

> Fournier v. Sebelius, No . 12-15478, (9th Cir., May 31, 2013). Any change in the Social Security Act is within the exclusive province of Congress. As discussed above, the Act and implementing authorities provide only limited exceptions to Medicare's general exclusion of coverage for dental services. The elements of those exceptions are not met here.

PageID.152-153.

The issue before the Court is whether the MAC unreasonably interpreted the governing statute and regulations in denying plaintiff's request for reimbursement. In determining Medicare reimbursement decisions, the agency is required to construe the relevant statute.

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984) (footnotes omitted). Courts "have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations." *Id*. at 844. "In the Medicare context, 'broad deference is all the more warranted when, as here, the regulation concerns a complex and highly technical regulatory program, in which the identification and classification of relevant criteria necessarily require significant expertise and entail the exercise of judgment grounded in policy concerns.'" *Breckinridge Health, Inc. v. Price*, 869 F.3d 422, 425 (6th Cir. 2017).

Based on this record, substantial evidence supports the agency's decision denying benefits for plaintiff's dental procedures. The MAC identified the limited exceptions to the dental

8

exclusion and none of these exceptions applied to plaintiff. This Court gives "broad deference" to the agency's application of the statute. *See Chevron*, 467 U.S. 837; *Breckinridge Health, Inc*, 869 F.3d 422. The MAC's resolution of this claim was consistent with agency's previous interpretations of the limited nature of the dental work exclusion. *See, e.g., Fournier v. Sebelius*, 718 F.3d 1110 (9th Cir. 2013) (agency decision not to cover dental costs incurred in repairing damage directly caused by other serious medical ailments); *Wood*, 246 F.3d 1026 (no reimbursement when a physician determined that the dental work was medically necessary as a prerequisite to another medical (and Medicare-covered) procedure, i.e., teeth extracted to avoid infection before heart valve replacement surgery); *Born v. Sebelius*, 968 F. Supp.2d 1109 (D.Colo. 2013) (no Medicare payment of dental procedure for dental implants recommended to allow patient to improve nutrition intake and combat blood and bone disorders).

## IV. Recommendation

The agency's decision denying plaintiff's application was supported by substantial evidence in the record and contained no legal error. For these reasons, I respectfully recommend that defendant's motion for summary judgment (ECF No. 16) be **GRANTED** and the agency's decision be **AFFIRMED**.


Dated: December 11, 2017         /s/ RAY KENT
                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).