UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSALINE CARTER,                )
                  Plaintiff,    )
                                )   No. 1:16-cv-431
-v-                             )
                                )   Honorable Paul L. Maloney
SYLVIA MATHEWS BURWELL,         )
                  Defendant.    )
                                )

## ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING DECISION OF THE MEDICARE APPEALS COUNCIL

Plaintiff Rosaline Carter filed this lawsuit seeking judicial review of the final decision of the Medicare Appeals Council (MAC) denying her benefits.[1] The magistrate judge issued a report recommending the decision be affirmed. (ECF No. 26.) Plaintiff filed objections. (ECF No. 27.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

---

[1] Plaintiff attached a copy of the MAC's decision to her complaint. (ECF No. 1-1 MAC Decision PageID.6.)

Plaintiff advances three objections, with multiple arguments under each. The Court has endeavored to address each argument de novo.

Objection 1 – Deference Should Not Be Given When the Interpretation Is Unreasonable.

A. Plaintiff argues she received extensive treatment for sarcoidosis prior to the specific procedure at issue in this lawsuit and has continued to receive treatment for sarcoidosis since the procedure at issue. Plaintiff asserts her treatment for sarcoidosis was reimbursed by Medicare as early as 2005.

Plaintiff's objection is overruled. Her medical history is not in dispute. Her medical treatment since the procedure not relevant. Plaintiff has not identified an error of fact or an omission in the R&R that would require correction.

B. Plaintiff objects to the portion of the R&R that identifies the billing codes used as part of her request for reimbursement. Plaintiff argues that the decision was unreasonable because a computer made the decision to deny benefits based on the billing codes, rather than on a consideration of "substantial evidence."

Plaintiff's objection is overruled. The magistrate judge's recitation of the facts is accurate. Plaintiff did use these particular billing codes when requesting reimbursement. Plaintiff appealed the decision denying reimbursement. The Administrative Law Judge (ALJ) and then the MAC both rejected the request for reimbursement by considering the statutory exclusion and exceptions in light of the services provided to Plaintiff. The ALJ and

MAC both made the decision based on the evidence in the record and the specific statutory exclusion, not on the codes used to identify the services provided.

C. Plaintiff objects base on the MAC and the R&R's alleged failure to consider the affidavits of Dr. Downey and Dr. Kazor.

Plaintiff's objection is overruled. The MAC's review of the ALJ's decision is limited to consideration of the evidence before the ALJ. *See* 42 C.F.R. § 405.1122(a)(1). Dr. Downey testified, by telephone, at the hearing before the ALJ. In its opinion, the MAC acknowledged the two affidavits had been submitted by counsel for Plaintiff. (MAC Decision PageID.9.)

Objection 2 – Standard of Review Does Not Properly Apply to the Facts

The Magistrate Judge agreed with the MAC that the ALJ's error – finding no treatment recommendation for sarcoidosis lesion by the University of Michigan – was harmless. Plaintiff objects.

Plaintiff's objection is overruled. This Court reviews the MAC's decision, not the ALJ's decision. The MAC found the error harmless, as the "statement added little more than historical background" and the "absence or presence of any preliminary University-generated services had no bearing on the availability of coverage for those services." (MAC Decision PageID.11.) The MAC reached its decision based on the relevant statutory language. Any factual error by the ALJ was harmless.

Objection 3 – The Treatment Was for Oral Sarcoidosis Not Dental Implants

A. Plaintiff contends the removal of teeth was not a dental procedure, but was on-going treatment for oral sarcoidosis. Plaintiff insists the procedure was no different than the biopsy on Plaintiff's lungs and the chemotherapy treatments on her neck.

Plaintiff's objection is overruled. The MAC correctly analyzed Plaintiff's request for reimbursement under the statute, 42 U.S.C. § 1395y(a)((12). Under that statute, "no payment may be made" for "any expense incurred for items or services" "in connection with" the replacement of teeth or structures supporting teeth. The MAC found, correctly, that the statute prohibits the payment sought by Plaintiff. The reason for the treatment, oral sarcoidosis, does not resolve the matter in Plaintiff's favor. The statute prohibiting payments for the procedure does not distinguish between cosmetic and medically necessary treatments. *See Wood v. Thompson*, 246 F.3d 1026, 1034 (7th Cir. 2001). The MAC carefully considered each of the exceptions and found that none of them applied. *See, e.g., Born v. Sebelius*, 968 F. Supp. 2d 1109, 1114-16 (D. Colo. 2013). And, even if the procedures were part of her treatment for oral sarcoidosis, the "underlying medical treatment" exception applies only under Medicare Part A, and Plaintiff is requesting benefits under Part B. *See id.* at 1115-16.

B. Plaintiff contends the statute is ambiguous and requires interpretation. Plaintiff reasons that Medicare paid for the procedures on her mouth other than the replacement of the bridge and crown.

Plaintiff's objection is overruled. First, payment by Medicare for a portion of the procedure does not constitute a waiver obligating payment for other procedures. Plaintiff

appears to employ the following reasoning: because Medicare paid for the removal of teeth and supporting structures, therefore Medicare should also pay for the bridge and crowns. Whether Medicare should have paid for the removal of teeth and supporting structures is not part of this appeal. In light of the statutory exception for dental related services, that Medicare did pay for the removal procedure does not require the conclusion that Medicare must also pay for the replacement procedure.

Second, assuming the "in connection with" language of the statute makes the statute ambiguous, the MAC's interpretation of the exclusion is reasonable. The MAC correctly interpreted the statute as creating a general exclusion for dental-related procedures. The limited exceptions do not permit reimbursement simply because the "dental services are furnished as part of a broader medical treatment and where such services are incident to treatment of a medical condition." (MAC Dec. PageID.12.) This outcome is consistent with *Muth v. Sebelius*, 856 F. Supp. 2d 1127 (C.D. Cal. 2012). In *Muth*, the plaintiff had a complex medical history including breast and brain cancer and heart disease. She sought treatment from a prosthodontist for dental problems resulting from chemotherapy and radiation. The MAC ultimately denied benefits under the exclusion, which was upheld by the district court. The MAC explained that "statute and related regulations look to the nature of the service performed, and not the cause of the condition for which services are sought." *Id.* at 1131. The district court found the "interpretation is consistent with and guided by the interpretation of the statute condoned by numerous other courts." *Id.* (collecting cases).

For these reasons, the Report and Recommendation (ECF No. 26) is **ADOPTED** as the Opinion of this Court. Plaintiff's motion for summary judgment (ECF No. 16) is **DENIED.** The final decision of the MAC denying benefits is **AFFIRMED. IT IS SO ORDERED.**

Date:  January 9, 2018   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge